**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **FARM & RANCH PUBLISHING, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 18-CV-0081** |
| | § | |
| **KELLER WILLIAMS REALTY, INC.** | § | |
| | § | |
| | § | **JURY DEMAND** |
| **Defendant.** | § | |

**PLAINTIFF FARM & RANCH PUBLISHING, LLC'S ORIGINAL COMPLAINT**

Plaintiff Farm & Ranch Publishing, LLC ("Farm & Ranch") files this Original Complaint against Keller Williams Realty, Inc. ("Keller Williams") and shows the following:

**NATURE OF THE ACTION**

1.     This is a lawsuit by Farm & Ranch for relief of trademark infringement, dilution and other unlawful acts of Defendant.  Defendant unlawfully, willfully, and without authorization has used and continues to use Farm & Ranch's registered "FARM & RANCH" trademarks with Defendant's services.  Defendant has tarnished the "FARM & RANCH" marks and harmed the reputation of Farm & Ranch.

**PARTIES**

2.     Plaintiff Farm & Ranch is a Texas limited liability company having its principal place of business located at 28615 IH 10 West, Boerne, Texas 78006.

3.     Defendant Keller Williams is a Texas corporation with its principal place of business located at 1221 South MoPac Expressway, Suite 400, Austin, Texas 78746.  Defendant Keller Williams' registered agent is Ms. Mary Tennant, 1221 South MoPac Expressway, Suite

400, Austin, Texas 78746.

## JURISDICTION AND VENUE

4.     This is a complaint for causes of action under the Lanham Act, 15 U.S.C. §§ 1114, *et seq*. and Texas statutory law.  This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

5.     Personal jurisdiction is proper in this district because Defendant has solicited and conducted business within the State of Texas via its marketing and sales of services which infringe Farm & Ranch's trademarks and acts of trademark dilution.  Defendant has sold the infringing services in Texas, including but not limited to sales in Austin, Texas.  Defendant's services have been inserted into the stream of commerce and directed towards Texas, amongst other places.  Defendant's wrongful actions have damaged Plaintiff within the State of Texas.

6.     Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because the defendant resides here in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred here in this judicial district.

## FACTS AND BACKGROUND

7.     Farm & Ranch is well-known in the real estate industry as a premier source for listings of high-end rural properties across the United States.  Much of Farm & Ranch's success is largely based on its commitment to connecting potential buyers with sellers of rural properties which meet high standards.  In order to serve buyers and sellers of rural properties, Farm & Ranch has spent significant time, money, and effort in building and maintaining its sophisticated website, as well as, generating and distributing highly successful printed publications in order to provide its customers with numerous options to search and find high-end rural properties, including, but not limited to, land, farms, and ranches.

8.     Farm & Ranch's success began over twenty years ago and Farm & Ranch has continued to grow its business and expand its customer base throughout Texas and across the United States by providing listings of high-end rural properties for sale online, as well as, through printed publications.  In addition to these listings, Farm & Ranch continues to look for ways to improve its rural real estate services for its customers by continually investing in advances to its website, such as providing the most up-to-date listings, expanding ways to search for rural properties, and incorporating real estate agent search services. Farm & Ranch continues this same effort with its printed publications and has recently partnered with the well-known magazine publisher Texas Monthly® to update and improve content to Farm & Ranch's quarterly magazines.

9.     Continuing its drive to provide the best rural real estate services, Farm & Ranch and Texas Monthly® also worked together to completely rebuild the Farm & Ranch website in order to provide additional features for buyers, sellers, and others involved in these rural listing transactions, including brokers and agents. The redesigned website, launched in early December 2017, allows Farm & Ranch's customers to now load their own ads, track leads generated by the Farm & Ranch website, and communicate with potential customers.

10.     Farm & Ranch has invested and continues to invest significant time, money and effort in providing buyers and sellers across the United States with access to high-end rural listings through its sophisticated website and printed publications, including but not limited to its national Farm & Ranch magazine and Texas Farm & Ranch magazine.

11.     Plaintiff owns the following trademarks registered in International Classes 41, 35, and/or 16 on the Principal Register of the Federal Trademark Register of the United States: FARM & RANCH, U.S. Reg. No. 3,120,815; FARM & RANCH, U.S. Reg. No. 4,331,016;

FARM&RANCH WEST, U.S. Reg. No. 4,649,243; TEXAS FARM&RANCH, U.S. Reg. No. 4,649,246; FARM & RANCH, U.S. Reg. No. 3,164,645; FARM&RANCH, U.S. Reg. No. 4,644,817; FARM&RANCH WEST, U.S. Reg. No. 4,644,819; TEXAS FARM & RANCH, U.S. Reg. No. 3,063,005 ("Plaintiff's US Registered Marks").

12.     Plaintiff owns the following trademarks registered with the Texas Secretary of State in International Classes 41 and/or 16: TEXAS FARM & RANCH, Texas Reg. No 800445911; TEXAS FARM & RANCH, Texas Reg. No. 800445913 ("Plaintiff's Texas Registered Marks).

13.     In addition to the goodwill resulting from Farm & Ranch's use of its registered marks, Plaintiff owns common law trademark rights and associated goodwill in its FARM & RANCH, FARM&RANCH WEST, TEXAS FARM&RANCH, FARM&RANCH, TEXAS FARM & RANCH marks based on widespread use of those marks in the real estate industry ("Plaintiff's Common-Law Marks").

14.     Plaintiff's US Registered Marks, Texas Registered Marks, and Common-Law Marks (collectively, "Plaintiff's Marks" or "the Plaintiff Marks") are composed and used in such a way that the public associates, not only those marks, but the common characteristic "FARM & RANCH" in the family of marks, with Plaintiff.  Because Plaintiff's Marks form a group of marks having a recognizable common characteristic "FARM & RANCH," they constitute a protectable family of marks ("Plaintiff's FARM & RANCH Family of Marks").

15.     The "FARM & RANCH" trademark was first registered in International Class 35 for use with advertising services, namely preparing and placing advertisements for others in the field of real estate, direct mail advertising for others in the field of real estate, and providing advertising space in a magazine relating to real estate, and receiving advertisements through a

web site; and providing a web site which features information on real estate topics of interest to real estate buyers and sellers and advertising real estate of others including those featured in magazines relating to real estate on a global computer network. This trademark was registered on October 31, 2006 under U.S. Reg. No. 3,164,645 on the Principal Register and was first used at least as early as October 1992 and first used in commerce at least as early as February 1993. This mark is incontestable, which pursuant to Lanham Act, 15 U.S.C. § 1115, conclusively establishes both Farm & Ranch's exclusive right to use this mark in commerce and its validity. A copy of its registration is attached hereto as Exhibit A.

16.     The "FARM & RANCH" trademark was also registered in International Class 41 for use with publishing articles of others related to properties and estates on July 25, 2006 under U.S. Reg. No. 3,120,815 on the Principal Register and was first used at least as early as October 1992 and first used in commerce at least as early as February 1993. This mark is incontestable, which pursuant to Lanham Act, 15 U.S.C. § 1115, conclusively establishes both Farm & Ranch's exclusive right to use this mark in commerce and its validity. A copy of its registration is attached hereto as Exhibit B.

17.     The "FARM & RANCH" trademark was also registered in International Class 41 for use with online electronic publishing of books and periodicals; providing on-line publications in the nature of an e-book in the field of farm and ranch real estate; publication of electronic magazines on May 7, 2013 under U.S. Reg. No. 4,331,016 on the Principal Register and was first used in commerce at least as early as December 11, 2009. Pursuant to Lanham Act, 15 U.S.C. § 1115, registration on the principal register establishes Farm & Ranch's right to use this mark in commerce and its validity. A copy of its registration is attached hereto as Exhibit C.

18.     The "FARM&RANCH" trademark was also registered in International Class 16

for use with magazines featuring real estate advertisements; printed periodicals featuring real estate advertisements on November 25, 2014 under U.S. Reg. No. 4,644,817 on the Principal Register and was first used in commerce at least as early as December 31, 2006.  Pursuant to Lanham Act, 15 U.S.C. § 1115, registration on the principal register establishes Farm & Ranch's right to use this mark in commerce and its validity.  A copy of its registration is attached hereto as Exhibit D.

19.    The "FARM&RANCH WEST" trademark was also registered in International Class 16 for use with magazines featuring real estate advertisements; printed periodicals featuring real estate advertisements on November 25, 2014 under U.S. Reg. No. 4,644,819 on the Principal Register and was first used in commerce at least as early as December 31, 2006. Pursuant to Lanham Act, 15 U.S.C. § 1115, registration on the principal register establishes Farm & Ranch's right to use this mark in commerce and its validity.  A copy of its registration is attached hereto as Exhibit E.

20.    The "FARM&RANCH WEST" trademark was also registered in International Class 35 for use with advertising services; advertising services, namely, providing advertising space in magazines; advertising services, namely, promoting properties for sale by owner via the Internet and in International Class 41 for use with online electronic publishing of books and periodicals; providing on-line publications in the nature of e-books; publication of electronic magazines; all of the foregoing featuring farm and ranch real estate advertisements on December 2, 2014 under U.S. Reg. No. 4,649,243 on the Principal Register and was first used in commerce at least as early as December 31, 2006.  Pursuant to Lanham Act, 15 U.S.C. § 1115, registration on the principal register establishes Farm & Ranch's right to use this mark in commerce and its validity.  A copy of its registration is attached hereto as Exhibit F.

21.     The "TEXAS FARM&RANCH" trademark was also registered in International Class 35 for use with advertising services; advertising services; advertising services, namely, providing advertising space in magazines; advertising services, namely, promoting properties for sale by owner via the Internet and in International Class 41 for use with online electronic publishing of books and periodicals; providing on-line publications in the nature of e-books; publication of electronic magazines; all of the foregoing featuring farm and ranch real estate advertisements on December 2, 2014 under U.S. Reg. No. 4,649,246 on the Principal Register and was first used in commerce at least as early as December 31, 2006. Pursuant to Lanham Act, 15 U.S.C. § 1115, registration on the principal register establishes Farm & Ranch's right to use this mark in commerce and its validity. A copy of its registration is attached hereto as Exhibit G.

22.     The "TEXAS FARM & RANCH" trademark was also registered in International Class 16 for use magazines related to real estate on February 28, 2006 under U.S. Reg. No. 3,063,005 on the Principal Register and was first used at least as early as October 1992 and first use in commerce at least as early as February 1993. This mark is incontestable, which pursuant to Lanham Act, 15 U.S.C. § 1115, conclusively establishes both Farm & Ranch's exclusive right to use this mark in commerce and its validity. A copy of its registration is attached hereto as Exhibit H.

23.     The "TEXAS FARM & RANCH" trademark was also registered in International Class 16 for use magazines related to real estate on April 4, 2005 under Texas Reg. No. 800,445,911 with the Texas Secretary of State and was first used in Texas at least as early as October 1992. Pursuant to § 16.060(c) of the Texas Business and Commerce Code, registration establishes Farm & Ranch's right to use this mark in commerce in Texas and its validity. A copy of its registration is attached hereto as Exhibit I.

24.     The "TEXAS FARM & RANCH" trademark was also registered in International Class 35 for use with advertising services, namely preparing advertisements for others in the field of real estate, direct mail advertising for others in the field of real estate, providing advertising space in a periodical, and receiving advertisements through a web site on April 4, 2005 under Texas Reg. No. 800,445,913 with the Texas Secretary of State and was first used in Texas at least as early as October 1992.  Pursuant to § 16.060(c) of the Texas Business and Commerce Code, registration establishes Farm & Ranch's right to use this mark in commerce in Texas and its validity.  A copy of its registration is attached hereto as Exhibit J.

25.     Plaintiff's Marks and FARM & RANCH Family of Marks are associated with the high quality of Plaintiff's goods and services in the real estate industry.

26.     Plaintiff owns and operates its website www.farmandranch.com ("Plaintiff's Website") that advertises and promotes its goods and services in the real estate industry worldwide. Plaintiff's FARM & RANCH Family of Marks are displayed throughout Plaintiff's Website.

27.     Plaintiff owns and distributes multiple magazines ("Plaintiff's Magazines"), as well as, various other printed publications and advertisements that advertise and promote its goods and services in the real estate industry in Texas and across the United States. Plaintiff's FARM & RANCH Family of Marks are displayed throughout Plaintiff's Magazines and other printed publications and advertisements.

28.     Plaintiff's Marks and FARM & RANCH Family of Marks are famous in Texas.

29.     Defendant markets and has marketed real estate services under the name "FARM & RANCH," "KW FARM & RANCH," "KELLER WILLIAMS FARM & RANCH."

30.     Defendant's use of the terms "FARM & RANCH," "KW FARM & RANCH,"

"KELLER WILLIAMS FARM & RANCH" is likely to give the false impression that these services are related to Plaintiff.

31.    Plaintiff has no involvement with the services offered by Defendant using the terms "FARM & RANCH," "KW FARM & RANCH," "KELLER WILLIAMS FARM & RANCH".

32.    Defendant's use of the "FARM & RANCH," "KW FARM & RANCH," "KELLER WILLIAMS FARM & RANCH" marks in connection with its services impedes Plaintiff's ability to market its "FARM & RANCH" goods and services in the real estate industry.

### DEFENDANT'S WILLFUL CONDUCT

33.    Defendant Keller Williams is top-tier real estate company in the United States, headquartered in Austin, Texas, and is in the business of offering real estate services for rural properties, which services bear the trademark "FARM & RANCH" that is confusingly similar to Plaintiff's FARM & RANCH Family of Marks.

34.    Upon information and belief, Defendant was a customer of Plaintiff and had knowledge of Plaintiff's use of Plaintiff's FARM & RANCH Family of Marks on its real estate goods and services.

35.    On or around September 2016, Plaintiff discovered Defendant marketing and selling its real estate services for rural properties under the trademark "FARM & RANCH" after receiving a real estate advertisement from Defendant, which is confusing similar to the Plaintiff's FARM & RANCH Family of Marks.

36.    On October 28, 2016, Plaintiff sent a letter to Defendant providing Defendant with written notice of its infringement of Plaintiff's FARM & RANCH Family of Marks and requested Defendant to cease all unauthorized use of the mark FARM & RANCH ("Plaintiff's

First Infringement Notice").

37.    In or around June 2017, Plaintiff first learned Defendant did not cease its unauthorized use of the mark "FARM & RANCH" when it received another real estate advertisement bearing the mark FARM & RANCH from Defendant.

38.    After receipt of the second real estate advertisement from Defendant, Plaintiff discovered that Defendant was not only using the "FARM & RANCH" mark and other colorable variants on printed real estate advertisements, Defendant was also using the mark in connection with the marketing and sale of its real estate services on the internet, located at www.kwfarmandranch.com.

39.    Upon information and belief, Defendant owns and operates the website www.kwfarmandranch ("Defendant Infringing Website") that promotes and advertises its real estate services for rural properties under the trademark "FARM & RANCH."  The infringing "FARM & RANCH" marks are displayed throughout the website.

40.    On July 6, 2017, Plaintiff sent a second written notice of trademark infringement of Plaintiff's FARM & RANCH Family of Marks to Defendant and requested Defendant immediately cease and desist from use of any of Plaintiff's FARM & RANCH Family of Marks in the promotion, sale and marketing of the Defendant's real estate services and to immediately remove all references to the "FARM & RANCH" and "FARM&RANCH" marks from Defendant's online and printed real estate materials, which includes the website www.kwfarmandranch.com and printed real estate mailings ("Plaintiff's Second Infringement Notice").

41.    On or around July 28, 2017, Plaintiff received another real estate advertisement from Defendant with the infringing "FARM & RANCH" mark prominently displayed within the

advertisement ("July 2017 Infringing Ad").

42.     On or around August 2, 2017, an employee at Defendant's corporate office contacted Plaintiff regarding pricing information for Plaintiff's real estate services ("August 2017 KW Price Email").

43.     On August 4, 2017, Plaintiff sent a third written notice of trademark infringement to Defendant and informed Defendant of its continued unauthorized use of Plaintiff's Marks. Specifically, Plaintiff informed Defendant of the July 2017 Infringing Ad and August 2017 KW Price Email and attached copies as exhibits.  Plaintiff also informed Defendant that any failure to respond would result in a trademark litigation suit being filed against Defendant.  ("Plaintiff's Third Infringement Notice").

44.     Defendant became aware of the likelihood of confusion caused by its infringing use of the "FARM & RANCH" mark in relation to its real estate goods and services no later than October 28, 2016.

45.     In or around September 2016, Plaintiff first became aware of Defendant's infringement of Plaintiff's Farm & Ranch Family of Marks.

46.     On October 28, 2016, July 6, 2017, and August 4, 2017, Plaintiff notified Defendant by letter of its unlawful conduct regarding Plaintiff's Farm & Ranch Family of Marks, including, but not limited to, trademark infringement under 15 U.S.C. §§ 1114(1) and 1125(a) of the Lanham Act.

47.     Defendant's continued use of the "FARM & RANCH" mark and colorable variants in connection with its promotion and advertising of its real estate services for rural properties is confusingly similar to Plaintiff's FARM & RANCH Family of Marks and is likely to confuse the public into believing that Defendant's "FARM & RANCH" real estate services are

the same or related to Plaintiff's real estate goods and services.

48.    Defendant's advertising of its real estate services for rural properties are similar to Plaintiff's services, are in the same channels of trade as Plaintiff's goods and services, and target the same customers as Plaintiff's goods and services.

49.    Defendant's use of the "FARM & RANCH" marks as described above, or some colorable variant thereof, are likely to give the false impression that its services are the same or related to Plaintiff, or somehow affiliated with Plaintiff.

50.    Plaintiff has no involvement with the Defendant's rural real estate services and has not licensed the marks to Defendant.

51.    Defendant's use of the "FARM & RANCH" mark in connection with its rural real estate services has impeded Plaintiff's ability to market its rural real estate services.

52.    There is at least one known instance of actual confusion as to the source of the rural real estate services being sold by Defendant and as to whether those services are affiliated with Plaintiff.  Based on this instance of actual confusion, Plaintiff believes other instances of actual confusion are likely with regard to whether the source of rural real estate services being sold by Defendant are affiliated with Plaintiff.

53.    To date, Defendant is continuing to use the "FARM & RANCH" and "FARM&RANCH" marks, or colorable variants thereof, without regard to and in violation of Plaintiff's trademark rights.

## COUNT I
## <u>FEDERAL TRADEMARK INFRINGEMENT</u>

54.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again here.

55.    Defendant's aforementioned acts constitute trademark infringement in violation of

section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56.    Plaintiff's federal registrations on the Principal Register for the marks FARM &
RANCH and TEXAS FARM & RANCH, U.S. Reg. Nos. 3,164,645; 3,120,815; and 3,063,005,
are incontestable pursuant to the Lanham Act, 15 U.S.C. § 1115.  Incontestability is conclusive
evidence of the mark's validity, Plaintiff's ownership of the mark and of Plaintiff's exclusive
right to use the mark in commerce in connections with the goods and services specified in the
certifications of registration under 15 U.S.C. § 1115(b).

57.    Plaintiff's federal registrations on the Principal Register for the marks FARM &
RANCH, FARM&RANCH, FARM&RANCH WEST, and TEXAS FARM&RANCH, U.S. Reg.
Nos. 4,331,016; 4,644,817; 4,644,819 and 4,649,246, pursuant to the Lanham Act, 15 U.S.C. §
1115, are evidence of their validity, Plaintiff's ownership of the marks and of Plaintiff's
exclusive right to use the marks in commerce in connections with the goods and services
specified in the certifications of registration under 15 U.S.C. § 1115(b).

58.    Defendant is intentionally and wrongfully using in commerce unauthorized
reproductions, counterfeits, copies, and colorable imitations of Plaintiff's US Registered Marks
in connection with the sale, offering for sale, distribution, and advertising of Defendant's real
estate services, with full knowledge that such marks and designations are counterfeit marks.
Such uses are likely to cause confusion, or to cause mistake, or to deceive, including, without
limitation, by being likely to cause confusion as to sponsorship or authorization by Plaintiff, or
alternatively, by destroying the origin-identifying function of FARM & RANCH and the other
Plaintiff's Marks.  Defendant's actions constitute trademark infringement in violation of section
32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

59.    Defendant became aware of Plaintiff's ownership of Plaintiff's Marks no later

than October 28, 2016.

60.     Defendant became aware of the likelihood of confusion caused by its use of the "FARM & RANCH" mark in relation to its services no later than October 28, 2016.

61.     Defendant has made, and continues to make, extensive use of the mark "FARM & RANCH" in the promotion and sale of its rural real estate services.

62.     The foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

63.     Defendant's sales and marketing of its real estate services under the "FARM & RANCH" mark will likely continue unless enjoined by this Court.

64.     As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits, and the strength of its trademarks.  The injury to Plaintiff is ongoing and irreparable.

65.     An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

66.     Plaintiff is entitled to a permanent injunction against Defendant, as well as other remedies available under the Lanham Act, including, but not limited to, damages sustained by the Plaintiff, treble damages, disgorgement of the Defendant's profits, and costs and attorneys' fees.

**COUNT II**
**FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN,**
**PASSING OFF AND FALSE ADVERTISING UNDER THE LANHAM ACT**

67.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again here.

68.    Plaintiff's Marks are used by Plaintiff in connection with providing high quality goods and services and are distinctive marks that have become associated with Plaintiff and thus exclusively identify Plaintiff's business, products, and services.

69.    Defendant is intentionally and wrongfully using unauthorized reproductions, counterfeits, copies, and colorable imitations of Plaintiff's Marks in commerce on and in connection with Defendant's real estate services, resulting in false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact that are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's real estate services and commercial activities by Plaintiff, and that misrepresents the nature, characteristics, and qualities Defendant's real estate services and commercial activities, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  For example, consumers are deceptively led to believe that the "FARM & RANCH" rural real estate services are sponsored by or otherwise approved by Plaintiff.

70.    The foregoing acts and conduct by Defendant constitutes false designation of origin, false advertising, and unfair competition in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.    Defendant's acts, as set forth above, have caused irreparable injury to Plaintiff's goodwill and reputation.  The injury to Plaintiff is ongoing and irreparable.

72.    Defendant's sales and marketing of its real estate services under the "FARM & RANCH" mark will likely continue unless enjoined by this Court.

73.    Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

74.    An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

**COUNT III**
**DILUTION UNDER TEXAS BUSINESS & COMMERCE CODE § 16.103**

75.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again here.

76.    Plaintiff's Marks are famous and protectable marks in Texas and, on information and belief, Plaintiff's protected interest in those marks arose before Defendant's use of those marks.

77.    Plaintiff has no control over the qualities, or lack thereof, of Defendant's rural real estate services under the "FARM & RANCH" mark, its advertising and other promotional materials related thereto, or its unauthorized use of Plaintiff's Marks.  As a result of such use by Defendant, the business reputation of Plaintiff, as well as its FARM & RANCH Family of Marks, are being tarnished, and such tarnishing will continue unless stopped by this Court.

78.    Defendant's sale and marketing of its real estate services under the "FARM & RANCH" marks and its use of and dissemination of materials using the Plaintiff's Marks are resulting in and will continue to result in the dilution of the distinctive nature of the Plaintiff's Marks through blurring.

79.    Defendant's wrongful conduct constitutes an extreme threat to the distinctiveness of the Plaintiff's Marks that Plaintiff has expended great efforts to develop and maintain through its strict control over the usage of the Plaintiff's Marks.

80.     Plaintiff's Marks are distinctive and of high value and they and the business reputation of Plaintiff with which they are associated have suffered and will continue to suffer irreparable harm by such blurring and tarnishing if Defendant's wrongful conduct is allowed to continue.

81.     Defendant's acts, as set forth above, have caused irreparable injury to the distinctive quality of Plaintiff's Marks as well as Plaintiff's business reputation.  This injury is ongoing and irreparable.

82.     Defendant's sales and marketing of its real estate services under the mark "FARM & RANCH" will likely continue unless enjoined by this Court.

83.     Plaintiff is entitled to a permanent injunction against Defendant consistent with Section 16.103 of the Texas Business and Commerce Code.

<h3 style="text-align:center">COUNT IV<br>TRADEMARK INFRINGEMENT UNDER TEXAS STATUTORY LAW</h3>

1.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again here.

2.     Defendant's aforementioned acts constitute trademark infringement in violation of Section 16.102 of the Texas Business and Commerce Code.

3.     Plaintiff's registrations with the Texas Secretary of State for the marks TEXAS FARM & RANCH, Texas Reg. Nos. 800,445,911 and 800,445,913, pursuant to Tex. Bus. & Com. Code § 16.060, are evidence of their validity, Plaintiff's ownership of the marks and of Plaintiff's exclusive right to use the marks in commerce in Texas in connection with the goods and services specified in the certificates of registration.

4.     Defendant is intentionally and wrongfully using in commerce unauthorized reproductions, counterfeits, copies, and colorable imitations of Plaintiff's Texas Registered

Marks in connections with the sale, offering for sale, distribution, and advertising of Defendant's real estate services, with full knowledge that such marks and designations are counterfeit marks. Such uses are likely to cause confusion, or to cause mistake, or to deceive, including, without limitation, by being likely to cause confusion as to sponsorship or authorization by Plaintiff, or alternatively, by destroying the origin-identifying function of FARM & RANCH and the other Plaintiff Marks. Defendant's actions constitute trademark infringement in violation of Section 16.102 of the Texas Business and Commerce Code.

5.    Defendant became aware of Plaintiff's ownership of Plaintiff's Marks no later than October 28, 2016.

6.    Defendant became aware of the likelihood of confusion caused by its use of the "FARM & RANCH" mark in relation to its real estate services no later than October 28, 2016.

7.    Defendant has made extensive use of the mark "FARM & RANCH" in the promotion and sale of its rural real estate services.

8.    The foregoing acts of infringement have been and continue to be done with actual knowledge of Plaintiff's mark and in bad faith, justifying an exceptional award within Tex. Bus. & Com. Code § 16.102(d).

9.    Defendant's sale and marketing of its real estate services under the "FARM & RANCH" mark within Texas will likely continue unless enjoined by this Court.

10.    As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer substantial damage to its business, goodwill, reputation, profits, and the strength of its trademarks. The injury to Plaintiff is ongoing and irreparable.

11.    An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

12.    Plaintiff is entitled to a permanent injunction against Defendant, as well as other remedies available under Chapter 16 of the Texas Business and Commerce Code, including, but not limited to, damages sustained by the Plaintiff, treble damages, disgorgement of the Defendant's profits, and costs and attorneys' fees.

## REQUEST FOR JURY TRIAL

13.    Plaintiff requests a jury trial on all issues in this action so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to enter judgment in favor against Defendant granting the following relief and/or making the following rulings:

A.    That Defendant and those persons and entities in concert or participation with Defendant, and their respective independent consultants, brokers, affiliates, successors, and assigns along with the directors, officers, agents, servants, and employees thereof be permanently enjoined from:

    1.    Using any of Plaintiff's Marks in conjunction with the promotion, marketing, and advertising of any real estate services;

    2.    Diluting, tarnishing, blurring, and infringing Plaintiff's Marks and from injuring Plaintiff's goodwill and reputation;

    3.    Passing off or falsely designating the origin of Defendant's services as those of Plaintiff;

    4.    Doing any other act likely to induce the belief that Defendant's goods and services are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiff.

    5.    Using any of Plaintiff's Marks for goods and services, or on the internet or as domain names, email addresses, meta tags, invisible data or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with Plaintiff.

B.    That Defendant in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiff within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant have complied with the permanent injunction;

C.    That Defendant be ordered to deliver an accounting to Plaintiff within thirty days of the entry of judgment;

D.   That Defendant be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession that bear any of Plaintiff's Marks or any reproduction, counterfeit, copy, or colorful imitation thereof, and all plates, molds, matrices, and other means of making the same;

E.   That Defendant's acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

F.   That Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

G.   That Defendant diluted Plaintiff's Marks in violation of Section 16.103 of the Texas Business & Commerce Code;

H.   That Defendant infringed Plaintiff's Marks in violation of Section 16.102 of the Texas Business & Commerce Code;

I.   That Plaintiff recover its actual damages sustained as a result of Defendant's wrongful actions or, if so elected by Plaintiff, statutory damages under 15 U.S.C. § 1117(d);

J.   That Defendant shall disgorge to Plaintiff its profits made as a result of Defendant's wrongful actions;

K.   That Plaintiff recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Plaintiff's damages, whichever is greater;

L.   That this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse Plaintiff for its reasonable attorneys' fees;

M.   That Plaintiff be awarded damages under Section 16.102(d) of the Texas Business & Commerce Code based on Defendant acting in bad faith and/or acting with actual knowledge of Plaintiff's Marks;

N.   That Plaintiff recover its costs in this action;

O.   That Plaintiff recover all prejudgment and post judgment interest as allowed by law; and

P.   That Plaintiff recover such further relied as may be just and proper.

Dated: January 29, 2018                    Respectfully submitted,

   /s/ Michael Adams
Michael P. Adams (Texas Bar No. 00872050)
Sherri Wilson (Texas Bar No. 24075291)
DYKEMA GOSSETT PLLC
111 Congress Avenue, Suite 1800
Austin, Texas  78701
Tel:       (512) 703-6300
Fax:      (512) 703-6399
Email:    madams@dykema.com
              swilson@dykema.com


ATTORNEYS FOR PLAINTIFF
FARM & RANCH PUBLISHING, LLC